**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hilb Rogal & Hobbs Company, ) | No. CV05-2438-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Driver Alliant Insurance Services, Inc.,) | |
| and Scott Cleinman, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Currently before the Court is Defendants' Motion to Dismiss or Stay Under the Colorado River Abstention Doctrine. (Dkt.#36). After reviewing the pleadings and holding oral argument on August 7, 2006, the Court issues the following Order.

**I.     Background**

The Complaint asserted by Plaintiff Hilb Rogal & Hobbs Company ("Plaintiff" or "HRH") was originally filed in the Circuit Court for the County of Henrico Virginia on June 10, 2005 and was then removed to the Eastern District of Virginia by Defendants Driver Alliant Insurance Services, Inc. and Scott Cleinman ("Defendants"). On August 12, 2005 this case was transferred from the Eastern District Court of Virginia after the Honorable Richard L. Williams granted Defendants' Motion to transfer venue. (Dkt.#26). The Complaint against Defendants alleges Trade Secret Misappropriation, Conspiracy, Business Conspiracy, Breach of Contract, and Tortious Interference with Contract.

HRH is a Virginia corporation operating in the industry of insurance brokerage. (Defendants' Motion to Dismiss, Exhibit 1, Bill of Complaint ("Compl.") ¶2). In Arizona, HRH operates through its wholly owned subsidiary Hilb Rogal & Hobbs of Arizona ("HRH Arizona"). (Id., ¶3). Defendant Driver Alliant Insurance Services, Inc. ("Defendant Driver"), is a Delaware Company engaged in the brokerage industry and competes with HRH. (Id. ¶4-5). Defendant Scott Cleinman ("Defendant Cleinman") was employed with HRH Arizona and during his employment allegedly entered into several employment and confidentiality agreements with HRH Arizona and HRH, which possess certain post-employment restrictions (Id. ¶18-42). HRH alleges that on September 1, 1994, Mr. Cleinman executed a Phoenix Producer's Agreement ("Employment Agreement") with HRH Arizona which provided for a one-year automatically renewable employment term with a provision requiring 30-days notice of non-renewal including continued faithful service during this period. (Id. ¶20). The Employment Contract also possessed a non-piracy covenant which prohibited Mr. Cleinman's solicitation of current or prospective clients for a two-year period after termination (Id. ¶23). This provision was further reflected in a Non-Piracy Agreement which Mr. Cleinman allegedly agreed to with HRH Arizona. (Id. ¶27-33). Mr. Cleinman was also allegedly bound by a Confidentiality Agreement ("The Confidentiality Agreement") that he entered into with HRH on September 1, 1994. (Id. ¶34). Lastly, Mr. Cleinman was also allegedly bound by the restrictive provisions of Restricted Stock Option Agreement entered into with HRH ("2001 Option Agreement") which required him to forfeit certain compensation upon breach of any of his obligations with HRH. (Id. ¶'s 40-41).

In August of 2004, Defendant Cleinman allegedly was solicited by Defendant Driver to leave his employment at HRH Arizona. (Id. ¶45). Defendant Cleinman accepted the offer and allegedly brought in other HRH Arizona employees to assist him in "steal[ing]" HRH's clients. (Id. ¶47). Specifically, Defendant Cleinman invoked the services of Jody Munson who was part of Defendant Cleinman's service team. (Id.¶47). HRH alleges that Defendant Cleinman's conduct is in breach of the Confidentiality Agreement and the 2001 Option Agreement as well as that such conduct by the Defendants supports its other claims of

- 2 -

misappropriation of trade secrets; common law and statutory conspiracy and tortious interference with contract. HRH seeks injunctive as well as monetary relief against Defendants Cleinman and Driver.

Prior to the instant lawsuit being filed, on February 24, 2005, HRH Arizona instituted an action against Judith ("Jody") Munson and fictional defendants in the Maricopa County Superior Court of Arizona, CV2005-003413 (Motion to Dismiss, Exhibit 4, "Arizona Complaint" or "Arizona Action"). The Arizona Complaint asserts breach of contract, breach of good faith and fair dealing, conversion and unfair competition arising out her post-employment activities after submitting her resignation with HRH Arizona. Specifically, Ms. Munson is alleged to have breached several employment contracts with HRH Arizona by misappropriating certain trade secrets of HRH Arizona and assisting a competing entity, Defendant Driver. (Id. ¶'s 6-18). Subsequent to the filing of the Arizona Complaint, Defendants Cleinman and Driver filed a declaratory judgment action against HRH Arizona and the matter was consolidated with the Arizona Action. Defendants Cleinman and Driver filed an application for TRO against HRH Arizona, and in turn, HRH Arizona filed a cross-application for TRO and Preliminary Injunction to enforce the provisions of the Employment Contract that Defendant Cleinman entered with HRH Arizona. (Motion to Dismiss, Exhibit 5). On March 11, 2005, Arizona Superior Court Judge Barry Schneider denied both parties' application for TRO. (Motion to Dismiss, Exhibit 8). The court did find; however, that the two-year restrictive term of the Non-Piracy Agreement between Defendant Cleinman and HRH Arizona to be unenforceable. (Id.). On July 1, 2005 HRH Arizona filed it Answer to Defendants Cleinman and Driver's Declaratory Complaint. (Motion to Dismiss, Exhibit 9). On August 16, 2005, Defendants Cleinman and Driver filed an Amended Complaint for declaratory judgment against HRH Arizona and HRH seeking a declaratory judgment of non-enforceability of the restrictive provisions of the contracts, including the Confidentiality Agreement and Stock Option Agreement as well as a declaratory judgment of non-misappropriation of trade secrets, non-conspiracy and non-interference. (Motion to Dismiss, Exhibit 7, Amended Complaint ¶'s 35-48). On September 7, 2005, HRH and HRH of

Arizona Answered the Amended Complaint filed by Defendants Cleinman and Driver and HRH Arizona asserted counterclaims asserting breach of loyalty and breach of fiduciary duty against Defendant Cleinman based upon his alleged breaches of the Employment Contract, the Non-Piracy Agreement and the Confidentiality Agreement. (Motion to Dismiss, Exhibit 10, Counterclaim ¶10). HRH Arizona sought damages and the imposition of a constructive trust against Defendant Cleinman. (Id.).

On June 8, 2006, Defendants informed this Court that the Arizona court had issued its ruling upon summary judgment in favor of Defendants. Specifically, the Arizona court ruled in favor of Defendants in holding that: (1) the restrictive covenant contained in Defendant Cleinman's employment agreement to be unenforceable because the restriction of two years is longer than necessary to protect HRH's legitimate interest; (2) Defendant Cleinman did not breach his fiduciary duty owed to HRH Arizona; (3) Defendants did not misappropriate trade secrets; and (4) Defendants were not obligated to pay liquidated damages because of the absence of any breach of an enforceable restrictive covenant. (Notice of State Court Decision, Dkt.#61).

Based upon the alleged duplication of proceedings between the Arizona Action and the instant action, Defendants Cleinman and Driver move to dismiss the instant Complaint in this Court or in the alternative to stay the proceedings pending the resolution of the Arizona Action pursuant to the Colorado River Doctrine.

**II.   Analysis**

**A.   Colorado River Doctrine**

The Colorado River doctrine provides a district court with the discretion to abstain from exercising jurisdiction "for reasons of wise judicial administration" when it determines (1) a parallel proceeding exists in a state court, and (2) exceptional circumstances exist that warrant abstention. Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 819 (1976). Abstention from jurisdiction is in stark contrast to the general presumption that a federal court must exercise its subject matter jurisdiction, regardless of pending state court

- 4 -

1  actions. Colorado River,424 U.S. at 817; see also Hawaii Housing Authority v. Midkiff,467
2  U.S. 229, 238 (1984).

3        The Colorado River doctrine is concerned with the contemporaneous exercise of
4  concurrent jurisdiction by state and federal Courts. Gilbertson v. Albright, 381 F.3d 965, 982
5  n.17 (9th Cir. 2004)(en banc).  Abstention to state court proceedings rests upon
6  considerations of "(w)ise judicial administration, giving regard to conservation of judicial
7  resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817
8  (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183). The abstention
9  announced in Colorado River is only meant to be invoked in exceedingly rare circumstances.
10 If a substantial doubt exists as to whether the state proceedings will resolve the federal
11 action, then granting a stay would be inappropriate. Intel Corp. v. Advanced Micro Devices,
12 Inc., 12 F.3d 908, 913 (9th Cir. 1993).

13       **B.**    **Substantially Parallel Proceedings**

14       The Ninth Circuit has determined that "exact parallelism" is not required when
15 determining whether the Colorado River doctrine is applicable. Nakash v. Marciano, 882
16 F.2d 1411, 1416 (9th Cir. 1989). The Fourth Circuit clarified finding that parallel
17 proceedings occur when "substantially the same parties litigate substantially the same issues
18 in different forums." New Beckley Mining Corp. v. Int'l Union, UMWA, 946 F.2d 1072,
19 1073 (4th Cir. 1991).

20       The first step to determining whether the instant litigation and the Arizona Action are
21 substantially parallel is to analyze the parties involved.  In the Arizona Action, the parties
22 are HRH Arizona, HRH, Ms. Munson, Mr. Cleinman, and Driver. In the case at bar, the
23 parties are HRH, the parent of HRH Arizona, Mr. Cleinman and Driver. Thus, all parties that
24 are involved in the instant litigation are also involved in the Arizona Action.  HRH makes
25 note that before Defendants Cleinman and Driver amended their declaratory complaint in the
26 Arizona Action, HRH was not a party to the Arizona Action.  However, this point is not
27 persuasive.  HRH is now named as a party in the Arizona Action.  Also, HRH Arizona, the
28 original plaintiff in the Arizona Action is the wholly owned subsidiary of HRH.  Finally, the

abstention inquiry does not necessitate completely parallel proceedings, but "substantially parallel," which existed with the participation of Defendant Cleinman, Driver and Plaintiff HRH Arizona.

Second, the substantially parallel analysis requires an analysis of the asserted claims as well. Here, the claims are substantially similar and arise out of the same set of operative facts. The Arizona Complaint filed on February 24, 2005, alleges that Ms. Munson breached several post-employment agreements she entered into while employed by HRH Arizona when leaving HRH Arizona on February 15, 2005 and taking a position with a competing entity, Defendant Driver. Ms. Munson allegedly breached the non-piracy agreement and confidentiality agreement with HRH Arizona. (Motion to Dismiss, Exhibit 4, ¶14). In addition, the Arizona Action also involves counterclaims against Defendant Cleinman for his alleged breach of his duty of loyalty and breach of fiduciary duty arising out of his breach of certain employment agreements he had entered into while employed with HRH Arizona. Such contracts include the Employment Contract, the Non-Piracy Agreement and the Confidentiality Agreement. (Motion to Dismiss, Exhibit 10, p.6). Defendants Cleinman and Driver also sought a declaratory judgment that these contracts in addition to the Stock Option Agreement be deemed unenforceable under Arizona law as well as a declaration of non-misappropriation of trade secrets, non-conspiracy and non-interference. (Motion to Dismiss, Exhibit 7, p.9).

The claims of the Arizona Action are virtually identical to the claims asserted in the Complaint before this Court. Like the Arizona Action, the Complaint before this Court involves a determination of whether Mr. Cleinman breached the Confidentiality Agreement and 2001 Stock Option Agreement he entered into with HRH. (Motion to Dismiss, Exhibit 1, Bill of Complaint ¶'s 111-113; Exhibit 7, ¶'s 40-44). In addition, both actions involve a determination of whether Defendants misappropriated trade secrets, interfered with HRH's business and engaged in conspiratorial activities. Thus, there is little doubt that the claims at issue in this case are substantially parallel to the claims and issues in the Arizona Action.

1    Despite the similarity of the proceedings, HRH argues that it is not clear that the
2 pending issues in this Action can be resolved by the Arizona court. For instance, HRH
3 asserts that if the Arizona court were to rule against Defendant Cleinman and determine he
4 violated the agreements at issue and engaged in conspiracy, this Court would still be left to
5 determine an appropriate amount of damages as HRH has no damage claim against him.
6 However, due to the Arizona court's recent ruling on June 7, 2006, it appears that this
7 possibility is eliminated.

8    Contrary to Plaintiff's argument, the present case is unlike the situation presented in
9 Smith v. Central Ariz. Water Conservation Dist., 418 F.3d 1028, 1033-34 (9th Cir. 2005)
10 where the Ninth Circuit held that because of the existence of a substantial doubt as to
11 whether the state court proceedings would address and resolve the issues pending in the
12 district court it was proper not to exercise abstention. In Smith; however, the substantial
13 doubt was generated because of the fact that the subcontracts at issue in the district court
14 were only referenced in the plaintiff landowners' complaint before the state court and it was
15 unclear as to whether the state court would address the plaintiffs' rights under those
16 subcontracts. Id.  Conversely, in the instant case, the same contracts and issues that are
17 before this Court are at issue in the Arizona Action. Further, the Arizona court appears to
18 have addressed these issues with its June 7, 2006 ruling upon summary judgment. (Notice
19 of State Court Decision, Dkt.#61). Thus, unlike Smith, there is not a substantial doubt as to
20 whether the state court will address the issues before this Court.

21    Thus, seeing that the Arizona Action involves the same parties and the same claims
22 and issues, such duplication supports abstention.

24    **C.   Exceptional Case Justifying Abstention**

25    In addition to looking to see if the proceedings are substantially parallel the Court
26 must look to relevant factors in determining if this case qualifies as an exceptional case
27 supporting abstention. The exceptional circumstances test is composed of several factors
28 such as: (1) jurisdiction over property; (2) inconvenience of forum; (3) order in which

jurisdiction was obtained; (4) avoidance of piecemeal litigation; (5) presence of federal question; (6) adequacy of state court proceedings to protect the parties' rights and (7) existence of forum shopping. Colorado River, 424 U.S. at 818; Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 23, 103 S.Ct. 927 (1983); Travelers Indem. Co. v. Madonna, 914 F.2d 1364 (9th Cir. 1990). No one factor as determinative; rather, all factors should be considered in rendering a decision. Id. at 818-819.

(1)     Jurisdiction Over Property

"It has long been held ... that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." Id. (citing Donovan v. City of Dallas, 377 U.S. 408, 412, 84 S.Ct. 1579 (1964). In the present case, Defendants note that the Arizona court, prior to this litigation being commenced, issued an order addressing the property at issue, HRH Arizona's alleged trade secrets. On March 11, 2005 the Arizona court ordered Defendants Cleinman and Driver not to misappropriate any trade secrets of HRH Arizona. (Motion to Dismiss, Exhibit 8). As such, the Arizona court first exercised jurisdiction over property in Arizona. HRH contends that the Arizona court's ruling does not impact the instant litigation, because HRH was not party to Arizona Action at that time. However, HRH's argument is without merit given that HRH's wholly owned subsidiary was actively participating in the Arizona Action during the Arizona court's ruling. In addition, the trade secrets at issue in the case and the Arizona Action appear to be identical. Because the Arizona court first exercised jurisdiction over disputed property at issue this factor supports abstention.

(2)     Inconvenience of Forum

Here, neither party offers argument expressing concern regarding the inconvenience of the forums at issue. This is likely due to the fact that the two forums are both in Arizona. As such, this factor is neutral and does not favor or disfavor abstention.

(3)     Order in Which Jurisdiction was Obtained

The Court is obligated to evaluate the order in which jurisdiction was obtained. The Arizona court was the first to obtain jurisdiction over the pending dispute between these

1 parties. HRH states; however, that it was not brought into the Arizona Action until after
2 Defendants Cleinman and Driver amended their declaratory counterclaim on August 15,
3 2005, which is subsequent to HRH Arizona's Complaint before this Court filed in Virginia
4 State Court on June 10, 2005. HRH's argument is not persuasive as it focuses on the
5 technicality that it was not actually brought into the Arizona Action until August 15, 2005.
6 In substance; however, HRH Arizona is the wholly owned subsidiary of HRH and HRH was
7 certainly aware of and involved in the Arizona Action before being formally named in the
8 Arizona Action. Because the Arizona Action commenced prior to the instant action, this
9 factor favors abstention by this Court.

### (4) Avoidance of Piecemeal Litigation

As discussed above, the issues involved in the Arizona Action and instant action appear to be virtually identical. As such, if this Court were to exercise concurrent jurisdiction with the Arizona Superior Court there would an unnecessary use of judicial resources. This factor favors abstention.

### (5) Presence of Federal Question

Another factor to be considered by the Court is the presence or absence of a federal question. Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 23, 103 S.Ct. 927 (1983). The case before this Court is based upon diversity and involves state law claims. As such, this factor favors abstention.

### (6) Adequacy of State Court Proceedings

The Court must also evaluate whether the state court proceedings provide an adequate forum. Id. at 26. HRH relies upon the Ninth Circuit's holding in Travelers Indem., Co. v. Madonna, 914 F.2d 1364, (9th Cir. 1990) which reversed the district court's ruling staying an action by an insurer to recover unpaid premiums pending resolution state court proceedings. Notably, the Ninth Circuit found the district court's determination to be error where at the time of the stay the state court had made no rulings whatsoever and the district court was quite capable of resolving the issues in the case. Id. at 1369-70

Conversely; in this case the Arizona court has already addressed and ruled upon crucial issues that are also before this Court. The Arizona court issued its ruling on June 7, 2006 upon motions for summary judgment from the parties in favor of Defendants regarding what appear to be identical issues before this Court. Because the Arizona court has taken substantial action in the case, there is no doubt that the Arizona court provides a sufficient forum for the parties.

(7) Forum Shopping

Both parties accuse each other of forum shopping. Defendants accuse Plaintiff of filing the instant suit as a reactionary measure given the progress of the proceedings in the Arizona Action at the time. Conversely, Plaintiff notes that Defendants are the parties that removed this action to this Court placing Plaintiff at some sort of disadvantage. The Court finds neither argument particularly persuasive. The Court does find puzzling Plaintiff's argument that it is somehow disadvantaged by litigating the instant dispute in Arizona. Plaintiff clearly engages in significant business activities in this forum given that its wholly owned subsidiary is located in Arizona and entered into several agreements with HRH Arizona employees, such as Defendant Cleinman. Nonetheless, the Court does not find this factor to either favor or disfavor abstention.

**D.   Summary**

Upon performing the relevant inquiry regarding abstention, it is clear that the Arizona Action and the instant case are substantially parallel as they involve the same parties and substantially identical claims. In addition, multiple factors suggest that this is one of the rare circumstances suggesting abstention is appropriate pending the resolution of the Arizona Action. As such, this Court will stay the pending litigation in this Court pending a final judgment in the Arizona Action. See Attwood v. Mendocino Coast District Hospital, 886 F.2d 241, 243 (9th Cir. 1989) (finding that district court should generally stay rather than dismiss the federal proceedings). The duration of this stay; however, may be minimal given that the Arizona court appears to have resolved the pending claims between the parties upon summary judgment in favor of Defendants. Thus, once the Arizona court issues judgment

1 the doctrines of res judicata and collateral estoppel may apply and bar the claims in the
2 instant suit. See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,
3 322 F.3d 1064, 1077 (9th Cir.2003) (stating that res judicata applies when there is (1) an
4 identity of claims, (2) a final judgment on the merits, and (3) privity between the parties);
5 Arizona v. California, 530 U.S. at 414, 120 S.Ct. 2304 (2000) (stating that collateral estoppel
6 applies when "an issue of fact or law is actually litigated and determined by a valid and final
7 judgment, and the determination is essential to the judgment."); Murphy v. Board of Medical
8 Examiners of State of Arizona, 190 Ariz. 441, 449 949 P.2d 530 (Ariz. App. 1997) (stating
9 that in Arizona, judgment is final when entered, even if appealed).

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss or Stay Under the Colorado River Abstention Doctrine. (Dkt.#36). The Court, in the exercise of its discretion, will stay all further proceedings pending a final result of the related action in Maricopa County Superior Court, CV2005-003413.

**IT IS FURTHER ORDERED** that upon the conclusion of the proceedings in the Arizona Action, the parties will file notice with the Court no later than ten days subsequent to a final judgment. In addition, Plaintiff shall disclose to the Court its position on its remaining viable claims. Defendants shall also disclose to the Court its position regarding the viability of Plaintiff's claims.

DATED this 16th day of August, 2006.

_____
Mary H. Murguia
United States District Judge